## MILNER ET AL. v. DAVIS ET AL.

1. **Fraudulent Conveyance:** BROTHER TO BROTHER: EVIDENCE ESTABLISHING. A conveyance by one of the defendants to his brother of his interest in his mother's estate, under the circumstances disclosed by the evidence, (see opinion,) *held* void, as being in fraud of creditors.

*Appeal from Pottawattamie District Court.*

SATURDAY, DECEMBER 6.

ACTION IN EQUITY. Decree for the plaintiffs, and defendants appeal.

*E. A. Babcock,* for appellants.

*Dailey & Smith,* for appellees.

SEEVERS, J.—The defendants are brothers, and the plaintiffs claim that M. J. Davis sold to Joshua Davis, his co-defendant, a large amount of real and personal property, for the purpose of hindering, delaying and defrauding his creditors. The mother of the defendants died on December 7, 1881. The property sold was inherited from her, and consisted of real estate, horses, cattle, sheep, hogs, wool, wheat, corn, farming utensils and money; the interest of M. J. Davis therein being the undivided one-sixth part. Within less than ten days after he inherited the property, M. J. Davis sold such interest. The two brothers lived at that time about six miles from each other, and M. J. Davis reached the house of his brother Joshua at a very early hour in the morning, and the sale was made immediately thereafter. M. J. Davis did not look at the personal property, and did not know how many horses, cattle, hogs, or how much grain there was. He had no knowledge of the value of the farming utensils, nor the amount of money on hand at the decease of his mother, except what he learned in relation thereto from Joshua during the negotiations. The

property was sold in a lump, or all together. If a separate value was placed on any article, the defendants are unable to state what such value was.

Joshua agreed to give $885 for the entire interest of M. J. Davis, and the latter accepted it; $300 to be paid in two years, the same amount in four years, and the residue in six years, without interest. M. J. Davis was largely indebted, and we are satisfied that Joshua had knowledge of this fact. The inadequacy of the consideration is not great, but the interest of M. J. Davis in his mother's estate was worth, as we find from the evidence, from $200 to $300 more than Joshua agreed to give. Besides this, the notes given were not worth their face value. Reducing the notes to their cash value, we think the inadequacy of the consideration agreed to be paid for the property was at least $500. The sale was made in an unusual manner. It was made at an unusual hour, in a hurried manner and without examination of the property sold. Joshua had but little, if any, knowledge of the value of a portion of the real estate.

Without setting out the evidence at length, or commenting thereon to any greater extent, we deem it sufficient to say that we have each separately read the evidence, and separately reached the conclusion that the judgment in the district court must be

AFFIRMED.